Leonard W. GUNZBURG, d/b/a Manners Jewelers, Appellant,

v.

Ingard JOHANNESEN, Trustee in Bankruptcy, et al., Appellees.

No. 19283.

United States Court of Appeals Fifth Circuit.

March 1, 1962.

Rehearing Denied April 3, 1962.

F. Irvin Dymond, New Orleans, La., for appellant.

Louis R. Lucas, Asst. U. S. Atty., Edward M. Heller, New Orleans, La., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This is another phase of the activities relating to the bankruptcy of Leonard W. Gunzburg. Frellsen v. Johannessen, 5 Cir., 1961, 289 F.2d 925; Gunzburg v. United States, 5 Cir., 1962, 297 F.2d 829 [No. 18727, January 12, 1962]. Presented here is the Bankrupt's contention that the District Court erred in approving the Referee's denial of discharge. After a lengthy hearing on a record which is here over 1,000 pages long, the Referee denied discharge for the failure of the Bankrupt (1) "* * * to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained * * *" and (2) "* * * to explain satisfactorily * * * losses of assets or deficiency of assets to meet his liabilities * * *." § 14, sub. c(2) (7), 11 U.S.C.A. § 32, sub. c(2) (7).

To the extent that these conclusions rested on findings of fact, they have almost a triple insulation. First, there being overwhelming evidence showing the existence of "* * * reasonable grounds for believing that the bankrupt has committed * * *" the two actions specified above, the Bankruptcy Act turns the table by providing that upon such a showing "* * * then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." § 14, sub. c, 11 U.S.C.A. § 32,

sub. c. This is more than the burden of going forward with the evidence. For "* * * the bankrupt now has the risk of ultimately persuading the Court that the allegations in the specifications are untrue. If the evidence is in a state of substantial equilibrium, the discharge must be denied since the bankrupt has failed to carry his burden of proof." 1 Collier, Bankruptcy § 14.12, at 1292–93 (footnotes omitted). In a figure indigenous to a financial foundering, "* * * once a prima facie case appears, the laboring oar passes to his hands and he must bring the boat to shore." Federal Provision Co. v. Ershowsky, 2 Cir., 1938, 94 F.2d 574, 575. Second, the terms of General Order 47 are explicit. The Referee is ordinarily to make, as he did here, "his findings of fact and conclusions of law." And when so done, "the judge shall accept his findings of fact unless clearly erroneous," General Order 47, 11 U.S.C.A. following section 53. 2 Collier, Bankruptcy § 39.-16, at 1473. Third, we review the action of the District Judge whose affirmance of the Referee's order brings into play for application to this stage of the judicial proceeding principles akin to the "clearly erroneous" concept. Cf. United States v. Twin Cities Power Company of Georgia, 5 Cir., 1958, 253 F.2d 197.

There was evidence which amply warranted the Referee's finding that the Bankrupt had not satisfactorily overcome the prima facie showing. Indeed, there was quite enough to warrant the Referee's affirmative finding that the books and records were inadequate in serious and substantial respects, and that the Bankrupt had failed to explain satisfactorily the diminution in assets exceeding $100,000. It is equally clear that as to the sufficiency of the books the Referee evaluated the facts in the light of the proper legal standards. See In re Underhill, 2 Cir., 1936, 82 F.2d 258; Nix v. Sternberg, 8 Cir., 1930, 38 F.2d 611; International Shoe Co. v. Lewine, 5 Cir., 1934, 68 F.2d 517; In Re Marx, 7 Cir., 1942, 125 F.2d 335; In Re Leichter, 3 Cir., 1952, 197 F.2d 955; Hedges v. Bushnell, 10 Cir., 1939, 106 F.2d 979. So it was also as to loss of assets. In Re Shapiro & Ornish, N.D.Tex.1929, 37 F.2d 403, affirmed 5 Cir., 37 F.2d 407. 1 Collier, Bankruptcy § 14.59, at 1401.

Affirmed.