In the Matter of Martin M. DECKER and Kathleen H. Decker, Individually and jointly, Bankrupts.

Appeal of Martin M. DECKER.

No. 78–2007.

United States Court of Appeals, Third Circuit.

Argued Feb. 20, 1979.

Decided March 26, 1979.

Harvey R. Miller, New York City (argued), Weil, Gotshal & Manges, New York

City, Jay D. Barsky, Barsky, Golden & Remick, Philadelphia, Pa., Bruce R. Zerensky, Brad Eric Scheler, for appellant.

Thomas E. Biron (argued), Wexler, Weisman, Maurer & Forman, Philadelphia, Pa., for appellee.

Before HUNTER and WEIS, Circuit Judges, and STAPLETON,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Martin M. Decker, the bankrupt, appeals from the district court's judgment denying him a discharge in bankruptcy under section 14c(2) of the Bankruptcy Act, 11 U.S.C. § 32(c)(2) (1976). The district court, in affirming the bankruptcy judge, determined that Decker failed to keep or preserve books of account or records from which his financial condition and material business transactions might be ascertained. Because we believe that the bankruptcy judge improperly imposed on the bankrupt, rather than the Trustee, the burden of proof with regard to the adequacy of the records, we reverse.

## I.

Decker was a real estate developer in the Philadelphia area, owning and managing office buildings, luxury high-rise apartment buildings, and other income producing property. On February 12, 1971 three creditors filed an involuntary petition in bankruptcy against him. Shortly thereafter, Decker filed a voluntary petition for a real property arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801–926 (1976). Price Waterhouse & Co., which had been retained by Decker to assist in the preparation of a financial statement, reported that as of the date of the filings, Decker had assets of $62 million and liabilities of $56 million. However, Decker did not file a plan for the satisfaction of his debts, and on July 10, 1972 he was adjudged bankrupt.

On September 6, 1974 the Trustee in Bankruptcy, Morris Gerber, filed a complaint under section 14c of the Bankruptcy Act objecting to Decker's discharge in bankruptcy. After a hearing, the bankruptcy judge found no merit in the Trustee's objection and granted the discharge. The Trustee appealed and the district court remanded "for the purpose of [the Trustee's] presenting all relevant testimony to support [his] position." Before hearing the case on remand, the bankruptcy judge who had handled the case since its filing retired, and a replacement was appointed.

The newly appointed bankruptcy judge considered three objections by the Trustee to Decker's discharge. Two of the grounds, essentially alleging intentional concealment of property, were dismissed. However, on April 4, 1977 the bankruptcy judge denied the discharge solely on the basis of the Trustee's third objection, that Decker had failed to keep books of account or records from which his financial condition and material business transactions might be ascertained.

The bankruptcy judge noted two major record keeping errors which he used to justify a denial of the discharge. First, the court listed ten specific journal entries which he stated "disclose[d] a pattern of careless, haphazard bookkeeping uniquely ill-suited to an enterprise of the size and complexity of the Decker organization." Generally, the entries illustrated Decker's failure to record major transactions until several months after they had occurred. The judge noted, however, that documentation existed to support each questionable entry. Second, and of particular importance in his opinion, the judge cited testimony by the Trustee's accountant which indicated that Decker's cash ledger account reflected at least $200,000 and perhaps as much as $370,000 for which an origin could not be ascertained. The bankruptcy judge noted that "[a]ll the other myriad inadequa-

---

* Honorable Walter K. Stapleton, United States District Judge for the District of Delaware, sitting by designation.

cies of the Bankrupt's bookkeeping system pale by comparison."

In reviewing the evidence, the bankruptcy judge placed the burden on the Bankrupt to disprove the Trustee's allegations of inadequate records. He stated that "[i]f the evidence is in a state of 'substantial equilibrium,' the discharge should be denied." Further, he explained that he ruled "against [the Bankrupt] only where no explanation was available." Thus, the bankruptcy judge held that Decker had not demonstrated that he had fulfilled the "high degree of duty to present to his creditors, represented by the Trustee, a substantially accurate and complete record of his affairs" and denied the discharge.

On appeal the district court regarded the bankruptcy court's determination that Decker's records were inadequate within the meaning of section 14c(2) as a finding of fact. Reviewing under the clearly erroneous standard, the court affirmed the denial of the discharge. Decker appeals.

## II.

■ Section 14a of the Bankruptcy Act, 11 U.S.C. § 32(a), provides that "the adjudication of any person, except a corporation, shall operate as an application for a discharge." A bankrupt is entitled to a discharge unless the court is satisfied that the bankrupt has committed one of the acts listed in section 14c. Here, the Trustee filed a complaint under section 14c(2).[1] To prevail, the Trustee must show that the Bankrupt failed to keep or preserve books of account or records and that the failure makes it impossible to ascertain the financial condition and material business transactions of the bankrupt. *In re Leichter*, 197 F.2d 955, 958 (3d Cir. 1952), *cert. denied*, 344

U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705 (1953); 1A Collier on Bankruptcy ¶ 14.33, at 1370 (14th ed. 1973). While "the statute does not exact as a condition precedent to the granting of a discharge the keeping of an impeccable system of bookkeeping which would meet the approval of a skilled accountant or records so complete that they would satisfy an expert in business," the records must "sufficiently identify the transactions that intelligent inquiry can be made of them." *Johnson v. Bockman*, 282 F.2d 544, 546 (10th Cir. 1960). The test is whether "there [is] available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained." *In re Underhill* 82 F.2d 258, 260 (2d Cir.), *cert. denied*, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936).

■ While the trial court has wide discretion in determining whether the books or records are sufficient within the meaning of the statute, *Goff v. Russell Co.*, 495 F.2d 199, 202 (5th Cir. 1974), this court has stressed the "well-settled principles that the right to a discharge is statutory, and that Section 14 of the Bankruptcy Act must be construed strictly as against the objector and liberally in favor of the bankrupt." *In re Leichter*, 197 F.2d 955, 959 (3d Cir. 1952), *cert. denied*, 344 U.S. 914, 73 S.Ct. 336, 97 L.Ed. 705 (1953). *Accord, In re Pioch*, 235 F.2d 903, 905 (3d Cir. 1956).

Decker's major contention on appeal is that the bankruptcy judge improperly allocated the burden of persuasion. He points out that the judge imposed the burden on the bankrupt in accordance with the proviso to section 14c of the Bankruptcy Act. However, he contends that the proviso has been superseded by Bankruptcy Rule 407,

---

1. Section 14c of the Bankruptcy Act, 11 U.S.C. § 32(c) (1976), provides in part:

 The court shall grant the discharge unless satisfied that the bankrupt has . . . (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case; . . . *Provided*, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt.

which would place the burden, as in most civil actions, on the objector to prove that the bankrupt is not entitled to a discharge.

In explaining the framework in which he reviewed the evidence, the bankruptcy judge stated:

Once the trustee has demonstrated reasonable grounds for believing that the Bankrupt has committed the offense, the Bankrupt has the burden of proof of persuading the court that the allegations in the specifications are untrue. If the evidence is in a state of "substantial equilibrium", the discharge should be denied because the Bankrupt has failed to carry his burden. *Gunzburg v. Johannesen*, 300 F.2d 40 (5th Circuit, 1952).

Thus, the judge applied the burden of proof as outlined in the proviso to section 14c:

*Provided*, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt.[2]

The proviso has been interpreted as shifting the ultimate burden of persuasion, not just the burden of going forward with the evidence, to the bankrupt once the objector makes out a prima facie case that the bankrupt is not entitled to a discharge. *In re Finn*, 119 F.2d 656, 657 (3d Cir. 1941). *Accord, In re Melnick*, 360 F.2d 918, 919–20 (2d Cir. 1966); *Feldenstein v. Radio Distributing Co.*, 323 F.2d 892, 893 (6th Cir. 1963); *Johnson v. Bockman*, 282 F.2d 544, 545 (10th Cir. 1960).

The bankruptcy judge's citation to *Gunzburg v. Johannesen*, 300 F.2d 40 (5th Cir.

1962), leaves little doubt that he believed that as a matter of law the burden of ultimate persuasion shifted to the bankrupt once the objector made out a prima facie case. In *Gunzburg*, the court stated: "This is more than the burden of going forward with the evidence. For '. . . the bankrupt now has the risk of ultimately persuading the Court that the allegations in the specifications are untrue.'" *Id.* at 41.

However, Bankruptcy Rule 407 became effective on October 1, 1973. It provides:

At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the facts essential to his objection.

The Advisory Committee Note to Rule 407 specifically states: "The rule supersedes the proviso at the end of § 14c of the Act." The cases which have considered the effect of Rule 407 on the proviso have held that the bankruptcy judge must allocate the burden of persuasion in accordance with Rule 407. *See, e. g., Matter of Martin*, 554 F.2d 55, 58 n.1 (2d Cir. 1977); *Matter of Tucker*, 399 F.Supp. 660, 662 (S.D.Fla.1975). The Trustee filed his complaint objecting to Decker's discharge in September, 1974. Therefore, if Rule 407 is valid, the bankruptcy judge erred as a matter of law in applying the proviso to section 14c.

 At argument, and for the first time in the case, the Trustee contended that Rule 407 was an impermissible exercise of the United States Supreme Court's rule-making power. Under 28 U.S.C. § 2075 (1976), the Supreme Court has the power to prescribe rules for practice and procedure under the Bankruptcy Act which do not "abridge, enlarge, or modify any substantive right."[3] The Trustee contends that Rule 407, by placing the burden of ultimate persuasion on the objector rather than the

---

2. *See* note 1 *supra.*

3. The Bankruptcy Rules enabling statute, 28 U.S.C. § 2075 (1976), provides:

 The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.

Such rules shall not abridge, enlarge, or modify any substantive right.

 . . . . .

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

bankrupt, modifies a substantive right. There is a strong presumption, however, that the Supreme Court did not abridge or modify any substantive rights by the adoption of the Bankruptcy Rules. *Matter of Mobile Steel Co.,* 563 F.2d 692, 699 (5th Cir. 1977); *In re Wall,* 403 F.Supp. 357, 360 (E.D.Ark.1975). Other than the naked assertion at argument, the Trustee has made no attempt to overcome that presumption. We hold that Rule 407 is a valid exercise of the Supreme Court's rule-making power and should have been applied.[4]

Without questioning the validity of Rule 407, at least one authority has interpreted the rule as having only limited application to section 14c(2). 12 Collier on Bankruptcy ¶ 407.3[1] (14th ed. 1975). This interpretation arises because section 14c(2) provides that the bankrupt may demonstrate an excuse for his failure to keep or preserve adequate records. Thus, the first part of section 14c(2) states the general rule: the bankrupt will not be granted a discharge if the objector establishes that the records are inadequate to disclose the bankrupt's financial condition and material business transactions. But the second part of that subsection allows the court to grant the discharge even if the records are inadequate if "the court deems such acts or failure to have been justified under all the circumstances of the case." *Collier* argues against applying Rule 407 to the "justification" provision because the information necessary to establish an excuse for inadequate or non-existent records is generally in the bankrupt's possession.

We need not decide whether Rule 407 requires the objector to bear the burden of persuasion on the issue of "justification." Decker has made no attempt to invoke the "justification" provision. Rather, he contends that his books and records are suffi-

4. We are aware that in the context of *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), "burden of proof" has been held to be substantive rather than procedural. *Palmer v. Hoffman,* 318 U.S. 109, 117, 63 S.Ct. 477, 87 L.Ed. 645 (1943); *Cities Service Oil Co. v. Dunlap,* 308 U.S. 208, 212, 60 S.Ct. 201, 84 L.Ed. 196 (1939); *Fireman's Fund Ins. Co. v. Videfreeze Corp.,* 540 F.2d 1171, 1174 (3d Cir. 1976), *cert. denied,* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 170 (1977).

However, as the Supreme Court noted in *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965), "[t]he line between 'substance' and 'procedure' shifts as the legal context changes." There, the Court examined whether Federal Rule of Civil Procedure 4(d)(1) prescribes the proper method of service in a diversity suit when the state statute requires in-hand service. The issue was whether the Federal Rule modified "substantive" rights, thereby, exceeding the Supreme Court's rule-making powers under 28 U.S.C. § 2072 (1976). The Rules Enabling Act is virtually identical to the Bankruptcy Rules enabling statute, 28 U.S.C. § 2075. *See* note 3 *supra.* The Court rejected the outcome determinative test as the means of distinguishing between "substantive" and "procedural" under the Rules Enabling Act. Instead, it interpreted "procedural" broadly to include "matters which relate to the administration of legal proceedings." 380 U.S. at 472, 85 S.Ct. at 1145, *quoting Lumbermen's Mutual Casualty Co. v. Wright,* 322 F.2d 759, 764 (5th Cir. 1963).

Professor John Hart Ely in his widely cited article on the substantive/procedural distinction under the Rules Enabling Act has proposed a more elaborate definition:

> [A] procedural rule . . . is one designed to make the process of litigation a fair and efficient mechanism for the resolution of disputes. Thus, one way of doing things may be chosen over another because it is thought to be more likely to get at the truth, or better calculated to give the parties a fair opportunity to present their sides of the story, or because . . . it is a means of promoting the efficiency of the process.

Ely, *The Irrepressible Myth of Erie,* 87 Harv.L. Rev. 693, 724–25 (1974) (footnotes omitted). *See McCollum Aviation, Inc. v. Cim Associates, Inc.,* 438 F.Supp. 245, 247–48 (S.D.Fla.1977) (adopting the Ely formulation).

We feel that the distinction between substance and procedure in the Rules Enabling Act is applicable to the Bankruptcy Rules enabling statute. The allocation of the "burden of proof" in this context is appropriately viewed as a rule of procedure "thought to be more likely to get at the truth," *id.* at 725. In fact if we were to recognize any distinction between the tests under the two statutes, we would be apt to grant the Supreme Court even greater leeway under the Bankruptcy Rules statute. Any constitutional considerations which may be inherent in a federal court's decision whether to apply the rules of a state or the Federal Rules of Civil Procedure, *see Hanna v. Plumer,* 380 U.S. at 474–78, 85 S.Ct. 1136 (Harlan, J., concurring), are certainly inapplicable in the bankruptcy context, where only federal law and policy are at issue.

cient to entitle him to a discharge under the Act.

█ Finally, our determination that the bankruptcy judge improperly allocated the burden of persuasion is not altered by his statement at the conclusion of his opinion that he "accepted every explanation offered by the Bankrupt, ruling against him only where no explanation was available." With the burden of persuasion on the Trustee, the absence of an explanation by Decker is not enough in itself to compel the bankruptcy judge to accept the Trustee's allegations. A trial judge "is not compelled to accept a plaintiff's testimony even if uncontradicted. The plaintiff has the burden of proof and the trial judge may find that the testimony does not carry that burden." *Santana v. United States,* 572 F.2d 331, 335 (1st Cir. 1977).

### III.

The bankruptcy judge, as affirmed by the district court, placed the ultimate burden of persuasion on the bankrupt. We hold that Bankruptcy Rule 407 supersedes the proviso to section 14c and should have been applied to impose the burden of persuasion on the Trustee. It is not for this court in the first instance to apply the appropriate burden of proof to the evidence.[5]

Therefore, the judgment of the district court will be reversed, and the case remanded for proceedings consistent with this opinion.

---

[5]. The disposition of this case has been unnecessarily complicated by the apparent refusal of the successor bankruptcy judge to rule on whether the hearings held on remand from the district court constituted a trial de novo or merely an additional hearing to supplement the record. The transcript of the hearings reflects numerous requests by the attorneys for both sides to get these lines defined. They were not.

Because of the legal error committed by the bankruptcy judge on the allocation of the burden of proof, we have not been compelled to resolve this issue. However, to eliminate the continuation of this problem, the proceedings on remand should be de novo.