**In re The E. B. MILLAR COFFEE COMPANY, Bankrupt.**

**CREDITORS' COMMITTEE OF the E. B. MILLAR COFFEE COMPANY, Appellant,**

v.

**Richard T. ECKLES, Trustee, Appellee.**

Civ. A. No. 80–C–1035.

United States District Court, D. Colorado.

Oct. 14, 1980.

Paul D. Rubner, Denver, Colo., for E. B. Millar Coffee Co.

Louis G. Isaacson, Richard E. Mishkin, Isaacson, Rosenbaum, Spiegleman & Friedman, Denver, Colo., for appellant Creditors' Committee.

Thomas C. Seawell, Denver, Colo., for appellee Eckles.

**MEMORANDUM OPINION AND ORDER**

CARRIGAN, District Judge.

This bankruptcy appeal challenges the Bankruptcy Court's holding that Bankruptcy Rule 11–29(c) enlarges substantive rights and thus is outside the United States Supreme Court's rule–making power.

The appellant is a creditors' committee which, following its election, was authorized [1] to employ attorneys, accountants, and other agents in connection with arrangement proceedings pertaining to the Chapter XI reorganization of the E. B. Millar Coffee Company. The appellant retained attorneys who performed various services in that regard.

On April 11, 1979, however, the Bankruptcy Court entered an order adjudicating the debtor a bankrupt, following the debtor's failure to comply with an order regarding indemnification. As a result, the arrangement in the Chapter XI proceeding was not confirmed.

---

1. *See* Bankruptcy Rule 11 29(a).

On June 13, 1979, the appellant applied, on the basis of Rule 11–29(c), for reimbursement of expenses incurred in connection with the arrangement proceeding, including compensation for the attorneys. After an *en banc* hearing, the Bankruptcy Court held that Rule 11–29(c) is invalid to the extent that it permits reimbursement of a creditor's committee for attorneys' fees when an arrangement is *not* confirmed. Therefore the Bankruptcy Court denied the claim for attorneys' fees.[2]

The Federal Rules of Bankruptcy Procedure were adopted by the Supreme Court pursuant to the authority granted in 28 U.S.C. section 2075, which provides in pertinent part:

"The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and practice and procedure under the Bankruptcy Act.

"Such rules shall not abridge, enlarge, or modify any *substantive* right." (Emphasis added.)

Rule 11–29, of which subparagraph (c) is at issue here, sets forth the functions of a creditors' committee, authorizes the employment of attorneys, accountants, and other agents to assist in the performance of those functions, and then states, in part:

"(c) Reimbursement of expenses; compensation. Expenses of the committee, including compensation for attorneys, accountants, and other agents employed under subdivision (b) of this rule, whether incurred before or after the filing of the petition, shall be allowed in the event of confirmation as an expense of administration to the extent deemed reasonable and necessary by the court, *and may be allowed when there is no confirmation.*" (Emphasis added.)

On the other hand, section 339(2) of the Bankruptcy Act, which was enacted before the Supreme Court promulgated Rule 11–29(c), limits this reimbursement power:

"A committee elected as provided in section 338 of this chapter may employ such agents, attorneys and accountants as may be necessary to assist in the performance of its functions. Expenses of the committee for such assistance, whether incurred before or after the filing of the petition under this chapter, shall be allowed as an expense of administration to the extent deemed reasonable and necessary by the court, *provided the arrangement is confirmed.*" (Emphasis added.)

Thus, Rule 11–29(c) modifies the previously enacted section 339(2) to the extent that it permits the committee to be reimbursed for its attorneys' fees when an arrangement is not confirmed. The issue presented by this conflict is whether the rights modified by Rule 11–29(c) are "substantive," and therefore beyond the scope of the rule–making authority vested in the Supreme Court by 28 U.S.C. section 2075, *supra.*

█ It should be emphasized at the outset that "[t]here is a strong presumption . . . that the Supreme Court did not abridge or modify any substantive rights by the adoption of the Bankruptcy Rules." *Matter of Decker*, 595 F.2d 185, 189 (3rd Cir. 1979) (holding that Bankruptcy Rule 407 is a valid exercise of the Supreme Court's rule–making power). *In re Wall*, 403 F.Supp. 357, 360 (E.D.Ark.1975), stressed the rationale behind this presumption:

"The Court must approach the challenge to the Bankruptcy Rule [13–307(d)] with the history of the rules in mind. The rules were adopted by the Supreme

---

**2.** The appellant also sought reimbursement of accountants' fees, which the Bankruptcy Court initially granted on the ground that there had been no objection. Upon a motion for reconsideration of that ruling, the Bankruptcy Court reversed itself and ruled, consistently with its holding regarding attorneys' fees, that Rule 11–29(c) could not validly permit reimbursement of accountants' fees when an arrangement is not confirmed. Although the Bankruptcy

Court's rulings on that issue are not involved in this appeal, it will, of course, be determinative. The appellant has moved to exclude references in the appellee's brief to the rulings on accountants' fees, since they were not made a part of the official record on appeal. Despite the formal deficiency, the references are strictly for informational purposes, and will be permitted to remain. Therefore the motion to exclude is denied.

Court of the United States after a long and careful study not only by the Court, but by panels of outstanding attorneys and citizens expert in the field. They were then submitted to Congress for review, and only after such review did they become effective. There is a strong presumption that the Supreme Court did not abridge or modify any substantive right by the rules. There is also a strong presumption that, had the Court so overstepped the authority delegated by the Congress, such transgression would have been noted and the offending rule modified or deleted upon review."

The foregoing principles provide a starting point, but of course do not eliminate the need to analyze the particular rule at issue here to determine whether it is "substantive" or "procedural" within the meaning of the rules enabling statute, section 2075. For the purpose of that analysis, a significant precedent is *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), in which the Supreme Court construed 28 U.S.C. section 2072, the enabling act for the Federal Rules of Civil Procedure.[3] Discussing the validity of Rule 4(d)(1), the Court stated:

" 'The test must be whether a rule really regulates procedure,–the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.' *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479." *Id.*, 380 U.S. at 464, 85 S.Ct. at 1140 (footnote deleted).

The Court rejected the argument that an "outcome determinative" test should be applied to distinguish substantive and procedural matters under a rules enabling act, and instead broadly defined "procedural" to include "matters which relate to the administration of legal proceedings." *Id.*, at 472, 85 S.Ct. at 1144 *quoting Lumbermen's Mutual Casualty Co. v. Wright*, 322 F.2d 759, 764 (5th Cir. 1963).[4]

Also significantly, the *Hanna* Court noted that

"The line between 'substance' and 'procedure' shifts as the legal context changes.... When a situation is covered by one of the Federal Rules, the question facing the Court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions." *Id.*, 380 U.S. at 471, 85 S.Ct. at 1144 (footnote deleted).

*See also* Ely, *The Irrepressible Myth of Erie*, 87 Harv.L.Rev. 693, 724–25 (1974), which contains the following widely quoted definition:

"[A] procedural rule ... is one designed to make the process of litigation a fair and efficient mechanism for the resolution of disputes. Thus, one way of doing things may be chosen over another because it is thought to be more likely to get at the truth, or better calculated to give the parties a fair opportunity to

**3.** Section 2072 is substantially identical to section 2075, providing in pertinent part as follows:

"The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts of the United States in civil actions.

"Such rules shall not abridge, enlarge, or modify any substantive right...."

**4.** The Supreme Court's analysis in *Hanna v. Plumer* focused on Rule 4, F.R.Civ.P. There are numerous other Rules of Civil Procedure which also have arguably "substantive" results

when viewed only in terms of their possible effect on the outcome of a case. For example, Rule 37 permits a court to dismiss a plaintiff's case, or strike defenses, for failure to comply with discovery orders. Obviously, such orders affect the outcome of a case. This rule, however, is "procedural" because its purpose relates to "administration of legal proceedings"– *i. e.*, ensuring compliance with discovery requirements and limitations. Thus, the effect on a case's outcome cannot be the controlling factor in distinguishing "procedure" from "substance." *See also* footnote 6, *infra*.

present their sides of the story, or because . . . it is a means of promoting the efficiency of the process."

There can be little dispute that the foregoing principles, discussed in the context of 28 U.S.C. section 2072, are equally applicable to 28 U.S.C. section 2075, the Bankruptcy Rules enabling statute.[5] The Bankruptcy Court in the instant case, applying the same principles, concluded with little discussion that Rule 11–29(c), by modifying a creditor's committee's right to reimbursement for attorneys' fees, clearly altered substantive rights:

> "The right to payment from the estate must be perceived as a substantive right. It cannot be procedural, *notwithstanding the fact that failure to pay such a fee* [attorneys' fees expended by the committee] *inhibits the fair and efficient administration of some Chapter XI proceedings.*" Slip Opinion at 3–4 (emphasis added).

This Court disagrees.

 The essence of the Bankruptcy Court's analysis, and of the appellee's argument on this appeal, appears to be that because Rule 11–29(c) permits a creditors' committee to recover money from the estate in a situation not provided for by the Bankruptcy Act, the Rule "must" be substantive. In other words, the appellee argues that the very purpose of the Bankruptcy Act is to create classes of creditors and to dictate the priority of payment to those creditors. Under section 339(2) of the Act, the argument goes, Congress established that a committee's right to reimbursement was given priority over other creditors only if the Chapter XI arrangement was confirmed. Thus, the appellee asserts that since the effect of broadening that right to reimbursement is to alter the priorities established by the Act, it goes to the very substance of the Act, and far beyond mere procedural matters. *See also In re Life Center, Inc.*, Bankruptcy No. 74–B–1669 (D.Colo.1974) (discussing Rule 11–29(c), the Court in dictum stated "it is difficult to see what could be more substantive than the transfer of property rights . . . .").

The basic flaw in this analysis is that it applies what is essentially an "outcome determinative" test which does not examine as required by *Hanna v. Plumer*, the *purpose* for which Rule 11–29(c) was enacted. 380 U.S. at 471–74, 85 S.Ct. at 1144–45. In the sense that compliance with the requirements of the Bankruptcy Rules determines all creditors' ability to recover from the estate, it could be said that all those rules affect "substantive" rights. Therefore it cannot be enough simply to examine the effect of a rule and determine from that whether it is "procedural" or "substantive."[6]

---

**5.** *See Matter of Decker*, 595 F.2d 185, 189, n. 4 (3rd Cir. 1979), in which the Court noted:

> "We feel that the distinction between substance and procedure in the Rules Enabling Act is applicable to the Bankruptcy Rules enabling statute. . . . In fact if we were to recognize any distinction between the tests under the two statutes, we would be apt to grant the Supreme Court even more leeway under the Bankruptcy Rules statute. Any constitutional considerations which may be inherent in a federal court's decision whether to apply the rules of a state or the Federal Rules of Civil Procedure . . . are certainly inapplicable in the bankruptcy context, where only federal law and policy are at issue."

**6.** *See Hanna v. Plumer*, 380 U.S. at 468–69, 85 S.Ct. at 1142–43; *see also* Ely, *The Irrepressible Myth of Erie*, 87 Harv.L.Rev. at 724, n. 170, in which Professor Ely discusses his definition of a procedural rule as one designed to make the litigation process a fair mechanism for the resolution of disputes:

> "The test suggested is geared to the purposes underlying the state rule and not to whether the rule 'in fact' serves substantive or procedural ends. This focus reflects an assumption that it was the subversion of state *policies* concerned with subjects other than the sensible management of litigation that the framers of the Enabling Act wished to avoid. Moreover, it would seem that any rule can be said to have both 'procedural effects,' affecting the way in which litigation is conducted, and 'substantive effects,' affecting society's distribution of risks and rewards. . . . Thus, an 'effects test' would seem destined either to unintelligibility or to the invalidation of every Federal Rule, thereby rendering the Enabling Act entirely self-defeating."

On the other hand, examination of Rule 11–29(c) and section 339(2) in light of the purposes for which they were enacted plainly reveals that the goals were "procedural" as the Supreme Court has defined that term. The discussion of the purpose of Rule 11–29(c) in *Collier on Bankruptcy* is sufficiently enlightening to warrant quoting at some length:

"Before the Chapter XI rules were adopted, compensation to attorneys, accountants, and other agents, as expenses of the creditors' committee, was permitted *as a cost of the Chapter XI administration* only if the debtor's plan were ultimately confirmed. Thus, if for one reason or other, the debtor were unsuccessful in confirming its plan and bankruptcy ensued, those expenses typically representing compensation to attorneys, accountants, and other agents, were not entitled to a priority under Section 64a(1) of the Act....

"In the ordinary course, a plan may not be confirmed for a number of reasons, none of which necessarily relates to affirmative action by the committee of creditors in asking the court to refuse confirmation. Thus the requirement of the statute, as it stood before these rules, in which recovery of expenses of the committee was dependent upon successful confirmation was subject to some criticism. The committee might well have performed and discharged its duties faithfully. It might have conducted a full searching and extensive examination of the affairs of the debtor; it might have considered the plan and in its best judgment might have determined that the plan was feasible and was in the best interest of the creditors; it might have negotiated with the debtor and succeeded in a favorable plan for creditors. Unfortunately, for one reason or other, that plan could not be confirmed.

"During the course of the discharge of such duties, the committee would have employed persons to assist it such as attorneys, accountants, and other agents. But if the arrangement were not confirmed, the expenses thus incurred would not have been reimbursable in the bankruptcy administration. Thus, being denied priority, such expenses either were not paid or had to be paid from individual funds gathered from the creditors. Rule 11–29(c), in its first sentence, effects a most salutary change by providing that compensation is to be granted if a plan is confirmed and authorizing the court, in the exercise of a mature judgment, to award such compensation as an expense of the Chapter XI administration even when there is no confirmation." 14 *Collier on Bankruptcy* (14th Ed.), paragraph 11–29.04, at 11–29–7–11–29–9 (Emphasis added).

As the foregoing discussion indicates, the underlying purpose of Rule 11–29(c) is to promote the full, efficient operation of a creditors' committee in discharging its duties. Those duties, as noted above, include examining the debtor's affairs to determine the causes of his insolvency, considering whether the proposed plan is in the best interests of the creditors, negotiating with the debtor concerning the terms of the plan, and performing similar functions. Bankruptcy Rule 11–29(a). The committee's expenses, including attorney's fees incurred in performing its functions, are part of the "costs of Chapter XI administration" regardless of whether or not an arrangement is ultimately confirmed. There simply is no rational basis for holding that if an arrangement is confirmed the committee's expenses were incurred in furtherance of the efficiency and fairness of the process, but if an arrangement is not confirmed those expenses were not incurred in furtherance of those ends.

Perhaps even more importantly, it is also apparent that Congress considered section 339(2) of the Bankruptcy Act, which Rule 11–29(c) modifies, to encompass procedural matters. In the Senate Report accompanying H.R. 2518, which became section 339, the Senate Committee on the Judiciary reported as follows:

"H.R. 2518 is designed to carry forward the congressional objective of permitting unofficial creditor committees to recover actual and necessary expenses, including

the fees and expenses of attorneys, accountants, and agents. *The bill proposes amendments to simplify the procedures for the recovery of costs and expenses of a representative committee and does not modify the substantive law.... The committee is persuaded that these amendments will expedite the administration of arrangement proceedings under Chapter XI with a maximum of economy....*" S.Rep.No.750, 90th Cong., 1st Sess. (1967), *reprinted in U.S.Code Cong. & Admin.News,* pp. 2007, 2010 (1967) (emphasis added).

Thus, although Congress apparently did not choose to authorize reimbursement in the event an arrangement was not confirmed, it perceived that the purpose of reimbursement was procedural–*i. e.,* to "expedite the administration of arrangement proceedings." Therefore, although Congress' review of the rules promulgated by the Supreme Court did not produce any specific published approval of Rule 11–29(c), the foregoing report is highly persuasive evidence of the Congressional "state of mind" and purpose regarding the section of the Bankruptcy Act which Rule 11–29(c) modifies. Every indication available supports the conclusion that the purpose was to promote the efficiency and economy of bankruptcy proceedings, and to enhance the ability of creditors' committees to perform the functions assigned them by the Bankruptcy Act.

In summary, it is true that Rule 11–29(c) affects creditors' ability to recover from the estate. Notwithstanding that result, an analysis of the purpose of the conflicting statute and rule reveals that the intent of each is to insure that creditors' committees are able to fulfill their important functions in Chapter XI arrangement proceedings. Provisions for compensation of attorneys employed to assist a committee simply facilitate the arrangement proceedings by eliminating hesitancy of the committee and its attorneys to participate fully in those proceedings.

Viewed conversely, it is difficult to see how such provisions can be "substantive" other than in their incidental ultimate effect on the amount creditors can recover

from the estate–a factor which cannot be determinative. The purpose of Rule 11–29(c) is not to create a new class of creditors or to grant higher priority to such a class; rather, it is to encourage full involvement of creditors' committees and their attorneys in the proceedings by permitting, in the Court's discretion, reasonable reimbursement of expenses. The Supreme Court's rulemaking power was clearly adequate to authorize promulgation of such a rule.

The Bankruptcy Court's ruling is reversed, and the cause is remanded for further proceedings consistent with this opinion.