In the Matter of Florence ACKERMAN, Ind. and t/a Today's Travel Service and Today's Travel of New Jersey Inc., Bankrupt.

Joseph LEIBENHAUT and Esther Leibenhaut, Plaintiffs,

v.

Florence ACKERMAN and Today's Travel of New Jersey, Inc., Defendants.

Hyman GOODMAN and Sylvia Goodman, Plaintiffs,

v.

Florence ACKERMAN and Today's Travel of New Jersey, Inc., Defendants.

Bernard HERMAN and Shirley Herman, Plaintiffs,

v.

Florence ACKERMAN and Today's Travel of New Jersey, Inc., Defendants.

Bankruptcy No. B–79–01697.

United States Bankruptcy Court, D. New Jersey.

Dec. 8, 1981.

Steven Silver, Hackensack, N. J., for plaintiffs.

Mark Steinberg, Neptune, N. J., for bankrupt.

OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

This case deals with the failure of the defendants, Florence Ackerman (a/k/a Amy Adams) and Today's Travel of New Jersey, Inc., the travel agency that she headed, to deliver a trip to Greece contracted and paid for by plaintiffs Joseph and Esther Leibenhaut, and trips to Italy contracted and paid for by Hyman and Sylvia Goodman and Bernard and Shirley Herman. Plaintiffs testified that the defendants failed to furnish the services contracted for and failed to return the monies paid therefor.

On July 12, 1979, a voluntary petition in bankruptcy was filed by both defendants. Complaints were timely filed by the plaintiffs seeking a determination as to the dischargeability *vel non* of subject debts, pursuant to Section 17c[2] of the Bankruptcy Act of 1898.

The actions brought by the above named plaintiffs are but a segment of a complex ongoing litigation involving the defendants and others, including the plaintiffs herein and the Attorney General of New Jersey. At the proceeding held before this Court on April 16, 1980, it was determined that, because the proofs were essentially the same, the Leibenhaut, Goodman and Herman matters would be heard together. The criminal prosecution action brought by the Attorney General of New Jersey against Florence Ackerman (presently under appeal) encompasses similar complaints filed by plaintiffs Irving Nathanson, Sara Ambinder, Samuel Ambinder, Minnie Meisner, Eva Pollack, and Edward and Barbara Bickel which, at the request of counsel, have been adjourned without date pending disposition of the appeal.

The fact pattern in these three cases differs only in minor detail. On February 2, 1978, Messrs. Herman and Goodman each gave Today's Travel a check in the amount of $1,300.00 for trips to Italy. Those checks were endorsed and cashed by Florence Ackerman and Today's Travel. Mr. and Mrs. Leibenhaut, having previously tendered

Mrs. Ackerman a deposit of $100.00, on May 1, 1978 paid by money order an additional $978.00 to Today's Travel for a trip to Greece. Some time in June of 1978, however, the plaintiffs were apprised that all trips had been cancelled, and that the travel agency had gone out of business. As previously noted, the monies paid by the plaintiffs here to the defendants have not been returned to any of the plaintiffs. The above facts are undisputed and were, in fact, expressly admitted by counsel for the defendants.

Relevant to the matters here considered is the state court criminal proceeding entitled *The State of New Jersey v. Florence Ackerman*, wherein, following plea bargaining negotiations, defendant Florence Ackerman pleaded guilty to an accusation charging her with fraudulent use of a corporation under N.J.S.A. 2A:111–14.[1] Both the Accusation No. A–113–79 and a certified copy of Criminal Judgment No. S–113–79 entered against Mrs. Ackerman on March 23, 1979 were admitted into evidence without objection. The second and fourth counts of the Accusation, of pertinent relevance here, allege:

(2nd count) As Director and Agent of Today's Travel of New Jersey, Inc., wilfully, knowingly, and unlawfully advertise a trip to Greece, thereby fraudulently obtaining $12,305.00;

(4th count) As Director and Agent of Today's Travel of New Jersey, Inc., wilfully, knowingly, and unlawfully advertise a trip to Italy, thereby fraudulently obtaining $7,900.00.

Thereafter, the plaintiffs commenced actions in the Superior Court of New Jersey, Law Division, Bergen County, from which ensued the court's Opinion wherein the Honorable Kevin O'Halloran, the trial judge, explicitly basing a determination in favor of the plaintiffs upon the guilty plea entered in the criminal proceeding, directed entry of a default judgment in favor of the Leibenhauts in the total sum of $1,104.62, together with interest at the legal rate of 8 per cent from May 1, 1978; in favor of the

Hermans in the total sum of $1,326.62, together with interest at the legal rate of 8 per cent from February 12, 1978; and in favor of the Goodmans in the total sum of $1,326.61, together with interest at the legal rate of 8 per cent from February 2, 1978. See Exh. P–3 (certified copy of the state court judgment).

Plaintiffs bottom their objections to the dischargeability of the above debts on Section 17(a)[2] of the former Bankruptcy Act.

## CONCLUSIONS OF LAW

The Court's initial consideration is directed to the question of the appropriate burden of proof. Plaintiffs contend that, upon establishing a *prima facie* case of fraud, the burden of going forward with some explanation of the fraud shifts to the debtor. Plaintiffs conclude that, because of debtor's failure to testify, she failed to meet that burden; thus, the debts are nondischargeable.

Plaintiffs' proofs consist of the substantially undisputed testimony of the plaintiffs, together with the two state court judgments. The record of the May 1, 1979 proceeding before Judge O'Halloran in the state court criminal action, incorporated in plaintiffs' trial brief, contains essentially the same proofs as those adduced at the April 16, 1980 hearing before this Court.

Bankruptcy Act § 17(a), 11 U.S.C. § 35(a) (repealed 1979) provides:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious conversion of the property of another.

1. Repealed by N.J.S.A. 2C:98–2, effective September 1, 1979.

In construing § 17(a)[2], the United States Circuit Court of Appeals for the Ninth Circuit, in *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir. 1975), noted the five-part test that comprises the objecting party's burden of proof:

.... (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations, and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

It merits emphasizing that to prove fraud under § 17(a)[2], the objecting creditor must show intentional fraud or moral turpitude, as opposed to fraud implied in law or constructive fraud. *In re Topper*, 229 F.2d 691, 692 (3d Cir. 1956); *In re Pioch*, 235 F.2d 903, 905–06 (3d Cir. 1956); *In re Wolf*, 165 F.2d 707, 710 (3d Cir. 1948); *Sanitation Recycling v. Jay Peak Lodging Ass'n*, 428 F.Supp. 1022 (D.Vt.1977); 1A Collier on Bankruptcy 1634 (14th ed. 1976). Further, as stated in *In re Pioch, supra*, "It is not so much the acts of the bankrupt that will prevent his discharge as it is the intent with which he acts." P. 906. The established criterion for showing fraud is that the misrepresentations either were knowingly and intentionally uttered, or were made recklessly and without regard for their truth in order to induce action by another. *In re Matera*, 592 F.2d 381, 383 (7th Cir. 1979); *In re Houtman*, 568 F.2d 651, 656 (9th Cir. 1978); *In re Nelson*, 561 F.2d 1342 (9th Cir. 1977); *Wright v. Lubinko*, 515 F.2d 260 (9th Cir. 1975); *In re Taylor, supra*, at 1373; *Yellow Creek Logging Corp. v. Dare*, 30 Cal.Rptr. 629, 216 Cal.App.2d 50 (1963). See also 8 Remington on Bankruptcy § 3320 at 178–79 (1955 ed.).

With respect to the transactions between the plaintiffs here and the defendant Florence Ackerman, the record is bereft of evidence that Florence Ackerman acted with the requisite fraudulent intent. Plaintiffs rely entirely on the criminal Accusation, together with the criminal and civil state court judgments admitted into evidence. Though the criminal charges against defendant Ackerman limit the time within which the commission of the fraudulent acts therein recited took place to the period between January 1, 1978 and May 31, 1978, the allegation that the fraudulent representations made by the bankrupt occurred within that time span, standing alone, is utterly insufficient to warrant an inference of fraud under § 17(a)[2].

The proviso at the end of § 14(c) of the former Act, 11 U.S.C. § 32(c), as amended in 1926, provides:

if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which ... would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt.

That proviso, which was superseded by Bankruptcy Rule 407, has generally been equated with a requirement that the objector make a prima facie case under § 14(c). See *In re Pioch, supra*, wherein the court, at p. 905, stated: "The burden of proof is on the objecting creditor to prevent the bankrupt's discharge, otherwise stated, the objecting creditor must make out a prima facie case." *See* 12 Collier on Bankruptcy ¶ 407.1 at 467 (14th ed. Cum.Supp.1979) and cases cited therein.

There is abundant case law to support the proposition that, in lieu of the "burden shifting" provision of § 14(c), Rule 407 requires that the burden of the risk of nonpersuasion be cast upon the objecting creditor, where it remains. *See, e.g., In re Tucker*, 339 F.Supp. 660, 661 (S.D.Fla.1975), wherein the court stated: "Rule 407 removed the 'burden shifting' provision of section 14c of the Bankruptcy Act, 11 U.S.C. § 32c, and placed it at all times upon the objecting creditor."

As stated in 12 Collier on Bankruptcy ¶ 407.1 at 467 (14th ed. 1979):

Rule 407 does not deal with the burden of going forward with the evidence. Sub-

ject to the allocation by the rule of the initial burden of producing evidence and the ultimate burden of persuasion, the rule leaves to the courts the formulation of rules governing the shift of the burden of going forward with the evidence in the light of such considerations as the difficulties of proving the nonexistence of a fact and of establishing a fact as to which the evidence is likely to be more accessible to the bankrupt than to the objector. [Citations omitted.] Advisory Committee's Note to Rule 407, see 12 Collier, *supra.*

In *In re Decker,* 595 F.2d 185 (3d Cir. 1979), the bankrupt Martin M. Decker, a real estate developer, was denied a discharge on the sole ground that he had failed to keep books of account or records from which his financial condition and material business transactions might be ascertained, § 14(c)[2], 11 U.S.C. § 32(c)[2].

On appeal, the United States Court of Appeals for the Third Circuit, reversing, explained the framework for the review of evidence under the Act as follows:

1. The proviso to § 14(c) "has been interpreted as shifting the ultimate burden of persuasion, not just the burden of going forward with the evidence, to the bankrupt once the objector makes out a prima facie case that the bankrupt is not entitled to a discharge." 595 F.2d at 188.

2. Bankruptcy Rule 407, which became effective on October 1, 1973, "supersedes the proviso at the end of § 14c of the Act," as specifically stated in the Advisory Committee's Note to Rule 407. The court held that Rule 407, which places the burden of ultimate persuasion on the objector rather than the bankrupt, "is a valid exercise of the Supreme Court's rule-making power and should have been applied." 595 F.2d at 188–89.

3. Finally, the court held that, with the burden of persuasion on the objector, the absence of an explanation by the defendant is not enough in itself to compel the bankruptcy judge to accept the objector's allegations. "A trial judge," the court stated, 595 F.2d at 190, quoting *Santana v. United States,* 572 F.2d 331, 335 (1st Cir. 1977),

is not compelled to accept a plaintiff's testimony even if uncontradicted. The plaintiff has the burden of proof and the trial judge may find that the testimony does not carry that burden.

The question arises whether Rule 407 is limited in application to a section 14 complaint, or whether it also applies to a section 17 complaint, the situation here. That issue was addressed in *Melichar v. Ost,* 7 B.R. 951, 962 (D.Md.1980):

To the extent that Rule 407 was enacted to supersede the proviso in section 14[c] of the Act, it might be contended that the burden of proof provision of Rule 407 is applicable only to cases in which a creditor is objecting to a discharge under section 14 of the Bankruptcy Act, 11 U.S.C. § 32, and not to cases, like the within case, in which a creditor is objecting to the dischargeability of a particular debt pursuant to section 17 of the Act, 11 U.S.C. § 35. However, such a contention would not appear meritorious.

This Court agrees with the conclusion of the *Melichar* court, and further notes that included in the cases applying Rule 407 to section 17 complaints are the following: *In re Smith,* 436 F.Supp. 469, 477 (N.D.Ga. 1977) (Bankruptcy Act § 17(a)[7], 11 U.S.C. § 35(a)[7]); *In re Colasante,* 12 B.R. 635, 639 (E.D.Pa.1981) (Bankruptcy Act § 17(a)[2], 11 U.S.C. § 35(a)[2]); *In re Trewyn,* 12 B.R. 543, 545 (Bkrtcy.W.D.Wis. 1981) (11 U.S.C. § 523a[2][A], essentially the same as Bankruptcy Act § 17(a)[2], 11 U.S.C. § 35(a)[2]); *In re McGiboney,* 8 B.R. 987, 990 (Bkrtcy.N.D.Ala.1981).

In the bankruptcy context, only federal law and policy are at issue, U.S.Const., Art. 1, § 8, cl. 4. Federal law, and not state law, must be applied to the allocation of the "burden of proof" in the instant matter. *In re Decker, supra,* at 189 n. 4; *In re Barlick,* 1 Bankr.Ct.Dec. 412 (D.R.I.1974). Where, as here, the issue turns on intent to deceive, fraud must be shown by clear and convincing evidence, a higher standard than mere preponderance of the evidence. "For evi-

dence to be sufficient to sustain a civil action for fraud or deceit, it must be clear and convincing.... Fraud is never presumed but must be clearly alleged and must be proven by clear and convincing evidence." *Brown v. Buchanan,* 419 F.Supp. 199, 201–02 (E.D.Va.1975).

Upon application of the foregoing, the plaintiffs' contention that they have submitted sufficient proof to establish a prima facie case of fraud, standing alone, cannot be deemed dispositive of the issue here. Rule 407 requires that the plaintiff not only make out a prima facie case sufficient to withstand a motion to dismiss, but must, *on all the evidence in the case,* sustain the charge against the bankrupt by clear and convincing evidence (emphasis added). 12 Collier, *supra,* ¶ 407.3, at 469–70.

For this Court to consider itself collaterally estopped from considering matters extrinsic to the judgment and record in the prior state court proceedings when determining the dischargeability of a debt, would run counter to well settled principles, all the more so where, as here, there is no detailed statement of their basis in facts. This Court, having exclusive jurisdiction to determine the dischargeability of a debt under § 17(c)[2] of the Bankruptcy Act, as amended in 1970, is, as a court of equity, empowered to look behind and beyond state court proceedings resulting in a judgment based upon fraud. Because of the aforementioned jurisdictional exclusivity, the principles of res judicata and collateral estoppel do not apply. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Houtman, supra; In re Trewyn, supra* at 546.

Underlying the default judgment of fraud by the Bergen County Court was Florence Ackerman's guilty plea to the charge of fraudulently using a corporation, namely, the travel agency, from the period of January 1, 1978 to May 31, 1978. Mrs. Ackerman's guilty plea in the criminal case, upon which Judge O'Halloran explicitly based his decision in the civil action, was entered as the result of a plea bargain. Obviously, because of that circumstance,

the burden of proof requirement was not observed. However, as noted above, to bar the discharge of a dishonest debt, the burden of proof based upon clear and convincing evidence remains with the plaintiffs. Significantly, with respect to these particular defendants, there is lacking in plaintiffs' proofs the essential factual nexus between the two state court judgments and the allegations of fraud. Plaintiffs themselves admit lacking knowledge as to how many trips to Greece and Italy were planned by Mrs. Ackerman during the period set forth in the Criminal Accusation. Further, names of the defrauded victims were not mentioned in the Accusation; certainly there was no mention of any of the plaintiffs herein. Nor was it proven that plaintiffs' monies were included in the sums indicated in the Accusation as having been fraudulently obtained. Absent the necessary correlation between the Accusation and the plaintiffs herein, the Accusation is insufficient to sustain plaintiffs' burden of ultimate persuasion.

By reason of all of the foregoing, the captioned complaints are dismissed. Submit an Order in accordance therewith.