**In re Genevieve HENDERSON, Debtor.**

**Constantinos PELARINOS, Plaintiff,**

**v.**

**Genevieve HENDERSON, Defendant.**

Bankruptcy No. 95–20941.
Adv. No. 95–2173.

United States Bankruptcy Court,
D. Connecticut.

April 25, 1996.

Eliot B. Gersten and Marjorie R. MacNeil, Gersten & Clifford, Hartford, CT, for Plaintiff.

Anthony S. Novak and Theresa A. Caldarone, Chorches & Novak, P.C., Wethersfield, CT, for Debtor–Defendant.

## MEMORANDUM OF DECISION ON OBJECTION TO DISCHARGE

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Constantinos Pelarinos, the plaintiff and a creditor of the Chapter 7 debtor, Genevieve Henderson, (the "Debtor") filed a complaint pursuant to 11 U.S.C. § 727(a)(3)[1] objecting to the Debtor's discharge. The complaint asserts that the Debtor "concealed, destroyed and/or failed to keep or preserve any recorded information or documentation from which her financial condition and business transactions might be ascertained." *Complaint* at ¶ 19. The Debtor's answer denied these allegations. After a trial held and concluded on March 22, 1996, the parties filed post-trial memoranda.

### II.

### BACKGROUND

The Debtor filed a Chapter 7 bankruptcy petition on March 17, 1995. On June 22, 1995, the plaintiff filed a two-count complaint seeking in count one that Debtor's indebtedness to the plaintiff be declared nondischargeable under § 523(a)(2)(A) and in count two that the Debtor be denied a discharge under § 727(a)(3). The court dismissed count one at trial.

---

1. Section 727(a)(3) provides:
   (a) The court shall grant the debtor a discharge, unless— ...
   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case ...
   11 U.S.C. § 727(a)(3).

The Debtor is a married person, separated from her husband, presently unemployed, who has worked at various jobs over the past 15 years or so, including employment as a secretary at law offices and as a computer programmer at an insurance company. On the date of her petition, she held title to two, three-family houses located in Middlefield, Connecticut, known as 20 Lake Road and 22 Lake Road. The Debtor resides in one of the units at 20 Lake Road and has rented the remaining units to her married sons and their families and to two, non-family-related tenants.

The bankruptcy petition scheduled both properties as heavily overencumbered due to unpaid realty taxes, three mortgages and numerous other judicial liens, including judgment liens held by the plaintiff. The Debtor owns no other non-exempt property of consequence. She was also liable on mortgages placed upon property located in Meriden, Connecticut, now owned by her husband.

The Debtor was the only witness at the trial. The plaintiff introduced into evidence records the Debtor had produced during Rule 2004 examinations conducted by the plaintiff. These records included the Debtor's credit card and utility bills, copies of judgment liens and mortgage documents, bank statements, federal tax returns for 1993 and 1994 prepared by the Debtor's accountant and which fully reflect rental income and expenses, cancelled checks and money orders, and deposit receipts, most of which relate to the various mortgage notes on which the Debtor is a maker or otherwise liable.

The plaintiff contends that these documents do not constitute adequate income or expenditure records for a "seasoned business person deriving income and tax benefits from the rental of *commercial* properties," and that the court should find that the Debtor's testimony explaining her records lacked "credibility." *Plaintiff's Post–Trial Brief* at 5. He asserts, for example, the Debtor should have maintained formal records to establish the income received from the houses on Lake Road and reported on her income tax returns. And he questions why the Debtor kept no separate record for money

she received monthly from her husband to fund payments on a mortgage covering a property located in Meriden.

The Debtor contends that whether a debtor kept adequate records "is a question in each instance of reasonableness in the particular circumstances" and "[t]he ... financial information presented at trial by the Plaintiff himself ... clearly present[s] a complete and accurate picture of [the Debtor's] financial condition." *Defendant's Post Trial Brief,* at 6, 20.

## III.

### *DISCUSSION*

The principles governing this matter are well established. Fed.R.Bankr.P. 4005 provides that "[a]t the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection." Fed.R.Bankr.P. 4005. "[I]n order to state a prima facie case under section 727(a)(3), a creditor objecting to the discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." *Meridian Bank v. Alten,* 958 F.2d 1226, 1232 (3d Cir.1992) The standard of proof is fair preponderance of the evidence. *McGrath v. Moreau (In re Moreau),* 161 B.R. 742, 745 (Bankr.D.Conn. 1993). In light of the purpose of bankruptcy legislation to grant honest debtors a fresh start, objections to discharge are construed strictly against the objectant and liberally in favor of the debtor. *Krohn v. Frommann (In re Frommann),* 153 B.R. 113, 116 (Bankr.E.D.N.Y.1993). The records produced by a debtor must " 'sufficiently identify the transactions [so] that intelligent inquiry can be made of them.' The test is whether 'there [is] available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained.' " *In re Decker,* 595 F.2d 185, 187 (3d Cir.1979) (citations omitted). What constitutes adequate record keeping, "is a question in each instance of reasonableness in the particular circum-

stances." *In re Underhill*, 82 F.2d 258, 259–60 (2d Cir.1936), *cert. denied*, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936).

■ The court concludes the plaintiff has failed to satisfy his burden of proving that the Debtor violated the requirements of § 727(a)(3). Contrary to the contention of the plaintiff, the record made does not support his description of the Debtor as a "seasoned business person" but, rather, that of a person who owned two houses which were tenanted primarily by herself, her children and their families. The Debtor testified she and her daughter collected the monthly rents from five tenants, which rents the Debtor fully reported on her income tax returns. The record is consistent with her claim that the money received from her husband went toward payment of the mortgage on the Meriden property. The court credits completely the Debtor's testimony. The documents the Debtor produced to establish her income and expenses, considering the low-level complexity of her business activities, provide adequate written evidence from which her financial condition and material business transactions may be ascertained. The court concludes that the Debtor did not conceal, destroy, mutilate, falsify, or fail to keep or preserve recorded information and that her recordkeeping was both reasonable and justifiable under the circumstances of the case.

### IV.

### *CONCLUSION*

The plaintiff having failed to sustain his burden of proof, a judgment will enter overruling the plaintiff's objection to discharge and granting the Debtor her discharge.

### *JUDGMENT*

Count two of the complaint of Constantinos Pelarinos, objecting to the discharge of Genevieve Henderson, defendant, having been tried and the court having issued a Memorandum of Decision of even date containing findings of fact and conclusions of law, it is

ORDERED, ADJUDGED AND DECREED that the objection be overruled and the defendant be granted a discharge.