In the Matter of Jack Raymond Goff, Jr.,
and Peggy Jean Holloway Goff, et al.,
Bankrupts.

Jack Raymond GOFF, Jr., Bankrupt,
Appellant,

v.

The RUSSELL COMPANY, Appellee.

No. 73–1916.

United States Court of Appeals,
Fifth Circuit.

June 5, 1974.

**200**

Roy M. Lilly, Jr., Bogalusa, La., for appellant.

John N. Gallaspy, Bogalusa, La., for Russell Co.

Richard F. Knight, Bogalusa, La., for trustee.

Before TUTTLE, GEWIN and RONEY, Circuit Judges.

GEWIN, Circuit Judge:

■ Jack Raymond Goff, Jr., a voluntary petitioner for a discharge in bankruptcy, appeals from a district court order affirming the referee's denial of a discharge pursuant to section 14(c)(2) of the Bankruptcy Act.[1] The referee determined that Goff, without justification, failed to keep books or records from which his financial condition might be ascertained. We agree and affirm the order of the district court denying the discharge.[2]

Mr. Goff operated several retail stores with gross sales totaling approximately $20,000.00 per week. Although adequate books and records had been kept in the past, since 1969 such books had not been maintained. Sales receipts and other records were saved, but they were not in good order. After a hearing the referee found that the records were not sufficient, without substantial additional work,[3] to determine the financial condition of Mr. Goff. This finding of fact cannot be labeled "clearly erroneous", and hence is binding upon us. The evidence indicates that the records were inadequate to allow preparation of a tax return for 1969. Bank statements could not be reconciled with the cash deposited and withdrawn, and assets of the various stores had been commingled even though they operated with separate bank accounts. The available records apparently filled several large boxes.

The appellant appears to make two principal contentions on appeal. Initially, he asserts that his records were adequate under the Bankruptcy Act since his financial condition might be ascertained with sufficient additional work. Secondly, he contends that even if his

1. 11 U.S.C. § 32(c)(2) (Supp.1973). The section provides:
   (c) The court shall grant the discharge unless satisfied that the bankrupt has . . .
   (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case;

2. The Referee did grant a discharge to the wife of the bankrupt, finding that she was not involved in the allegedly deficient bookkeeping methods of her husband in connection with his various business enterprises.

3. An accountant testified that he might be able to reconstruct the records if he did nothing else for three months. The referee found that this possibly could have been accomplished at a cost of $2,500.00, but the possibility of success turned on whether the bank statements could have been reconciled.

records fail to satisfy the requirements of the Bankruptcy Act his failure to keep books or records should be deemed justifiable in the circumstances.

■ Many years ago this court enunciated general principles underlying the requirements of § 14(c)(2) for keeping books or records.[4] The court recognized that full detail is not required but that there should be written evidence, orderly made and preserved, from which the present and past financial condition of the bankrupt may be ascertained with substantial completeness and accuracy. Other courts have followed substantially similar tests.[5]

There are several Ninth Circuit decisions dealing with essentially the same issue presented here.[6] In Burchett v. Myers[7] the court stated that § 14(c)(2) protects creditors, and they are not required to risk the withholding or concealment of assets by the bankrupt under cover of a chaotic or incomplete set of records. A more recent Ninth Circuit per curiam opinion, In Re Yeaton,[8] held that difficulty in preparing a tax return would be an indication of the inadequacy of records. In the present case the referee found that the tax return could not even be prepared from these records.

Noroian v. Hern[9] presents a situation which in one respect is closely analogous to the case at bar. There a court-appointed accountant testified that an un-

limited amount of time or funds would be required to determine the bankrupt's financial condition. Extensive inquiries would have been required of those with whom the bankrupt did business. In the instant case the court found that substantial additional work would be required, although it was able to place possible limits as to time and money upon that work.[10] We do not regard this distinction as being so critical as to mandate a result different from that reached in *Noroian*—denial of a discharge.

■ Importantly, the limits mentioned by the district court and the referee, three months and $2,500.00, were not certainties but rather they were possibilities. Nevertheless, had there been estimates established with more exactitude we believe it would be erroneous to regard these records as fulfilling the requirements of the Bankruptcy Act. The object of the statutory provision is to enable interested parties to determine a bankrupt's financial condition. This could not be accomplished with the records in their present state.

■■ When additional work on the records is necessitated the statute provides an appropriate method of analysis. The failure to keep adequate books or records may often be "justified under all the circumstances."[11] Obviously, an unsophisticated wage earner dealing primarily in cash should not be denied a discharge because he failed to keep books of account.[12] A higher standard

4. *See* International Shoe Co. v. Lewine, 68 F.2d 517, 518 (5th Cir. 1934). Although this section was amended in 1938 there was no change in the substantive law as established by amendment in 1926. *See* 1A W. Collier, Bankruptcy ¶ 14.30, at 1353 (14th ed. 1972, J. Moore) [hereinafter cited as Collier].

5. *See* 1A Collier, ¶ 14.32, at 1359.

6. *See* Burchett v. Myers, 202 F.2d 920 (9th Cir. 1953); Noroian v. Hern, 422 F.2d 1092 (9th Cir. 1970); Rhoades v. Wikle, 453 F.2d 51 (9th Cir. 1971); In Re Yeaton, 457 F.2d 803 (9th Cir. 1972). All of the above cited cases have affirmed orders denying a discharge when the trial court determined the records to be inadequate.

7. 202 F.2d 920, 926 (9th Cir. 1953).

8. 457 F.2d 803, 804 (9th Cir. 1972).

9. 422 F.2d 1092, 1094 (9th Cir. 1970).

10. *See* note 3, *supra*.

11. 11 U.S.C. § 32(c)(2) (Supp.1973).

12. Other examples are certainly conceivable: small farmer, traveling salesman, or student. Far from carrying any derogatory connotation this grouping merely indicates that normal people in these classifications have uncomplex financial affairs which do not require books or substantial records. *See* 1A Collier ¶ 14.32, at 1368.

of care is required, however, from a merchant actively engaged in credit transactions. Considerations relating to the assets, liabilities and complexity of the business are preponderant.[13]

██ Goff's business was of sufficient size and complexity to require at least the orderly assembling of records if not the maintenance of books. His liabilities at the time of adjudication exceeded $193,000. As indicated earlier, the gross sales from the various enterprises totaled approximately $20,000.00 per week. He was extended credit by several businesses. Once an objector has shown reasonable grounds to believe that the books or records are inadequate, the burden of justification shifts to the bankrupt to explain why they were not kept in a proper and satisfactory manner. Goff explains that the business was failing and he was busily trying to keep it alive. The implication is that he did not have time to worry about record-keeping. Of course, bankrupt businesses rarely thrive and frequently are a source of much anguish and concern to the owner. Therefore, to accept Goff's justification here would be tantamount to countenancing circumvention of the statutory requirements.

██ Trial courts have wide discretion in determining whether books or records are adequate under the terms of the statute and the facts of each case. This determination should not be disturbed unless there has been a clear abuse of discretion.[14] There has been no such abuse here. Indeed, the referee and the district court displayed a clear understanding of both § 14(c)(2) and the need to avoid harsh denials of discharge. However, considering all the facts and circumstances disclosed by the record, we conclude that it would be appropriate to remand the case to the district court in order to permit it to consider, in its sound discretion, whether to allow the

bankrupt, at his own expense, a reasonable time in which to place his books and records in a condition that will substantially reflect his financial status. If the district court elects to pursue this course, and if the bankrupt is able to restore his records, that court may, in its discretion, require the referee to reconsider Goff's petition for discharge.

Affirmed and remanded.

---

13. J. MacLachlan, Law of Bankruptcy § 106 at 93 (1956); Baker v. Trachman, 244 F.2d 18 (2d Cir. 1957); 1A Collier ¶ 14.32, at 1369.

14. *E. g.*, Texas National Bank v. Edson, 100 F.2d 789, 791 (5th Cir. 1939); 1A Collier ¶ 14.32, at 1374.