HATCHETT, Circuit Judge:
 

 This appeal centers upon the proper application of section 14(c)(2) of the Bankruptcy Act, 11 U.S.C. § 32(c)(2), which requires a petitioner in bankruptcy to provide records showing his financial condition. The bankruptcy judge and district court found that the petitioner’s failure to maintain such records was justified under all the circumstances of this case, thus bringing the petitioner within an exception to the general requirements of section 14(c)(2). Recognizing the wide discretion conferred by the Bankruptcy Act upon a bankruptcy judge, and finding in the record no abuse of this discretion, we affirm the discharge in bankruptcy.
 

 Appellee, Douglas W. Oesterle, voluntarily petitioned for discharge in bankruptcy, but he provided no records of his financial condition except for one federal income tax return. This tax return claimed deductions totalling almost $19,000 in connection with Oesterle’s self-employment as a tax consultant.
 

 Appellant, The Home Indemnity Company, is one of Oesterle’s creditors. Home Indemnity objected to Oesterle’s discharge on the ground that he failed to maintain adequate financial records. Section 14(c)(2) of the Bankruptcy Act provides:
 

 The court shall grant the discharge unless satisfied that the bankrupt has . . . (2) ... failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failures to have been justified under all the circumstances of the case ....
 

 11 U.S.C. § 32(c)(2).
 

 The bankruptcy judge recognized that Oesterle had failed to maintain adequate financial records after 1974, but held that this failure was justified under all the circumstances of the case. The judge likewise excused Oesterle’s failure to provide pre-1974 records on the ground that these records had been properly surrendered to a trustee in prior bankruptcy proceedings concerning Nevada corporations controlled by Oesterle. In so ruling, the bankruptcy judge pointed to the following circumstances underlying this bankruptcy action:
 

 The bankrupt was engaged in a number of speculative business ventures in Nevada, which resulted in two corporate bankruptcies filed in 1974. As a result, a Reno bank obtained a personal judgment against him in the amount of $600,000 and by 1977, there were over $1 million worth of judgments outstanding against him. Since the collapse of his business ventures, he has been a private tax consultant who, because of his creditors, owned no property, had no bank accounts or stock or personal property other than the clothing he wore. He paid his office expenses in cash or with certified checks purchased for cash. All the records of his corporate business activities were, of
 
 *403
 
 course, surrendered to the Nevada bankruptcy trustee.
 

 It is, I believe, understandable that during the past several years he maintains no significant records, because he has been engaged in no significant business transactions and has no property. Under these circumstances, I find that his failure to have records is justified under the circumstances of this case. 1A
 
 Collier on Bankruptcy
 
 (14th ed.) ¶ 14.33.
 

 The district court affirmed the decision of the bankruptcy judge.
 

 Home Indemnity appeals the finding of justification for failure to provide financial records, both as to Oesterle’s pre-1974 involvement with his Nevada corporations, and as to his post-1974 activities as a private tax consultant. Home Indemnity asks us to rule that Oesterle’s surrender of personal records, along with corporate records, to the Nevada bankruptcy trustee cannot justify his failure to provide these records in this petition for personal discharge. Home Indemnity likewise contends that Oesterle’s failure to keep any financial records after the corporate debacle in 1974 is unjustified as a matter of law because his tax deduction in 1975 of almost $19,000 shows that he engaged in significant business transactions which would normally call for the keeping of records.
 

 The burden of justifying a failure to maintain adequate records has traditionally fallen upon the petitioner in bankruptcy.
 
 McBee v. Sliman,
 
 512 F.2d 40 (5th Cir. 1975);
 
 Gunzburg v. Johannesen,
 
 300 F.2d 40 (5th Cir. 1962). The Rules of Bankruptcy Procedure adopted in 1973 reversed the burden of proof with regard to objections to discharge under section 14(c) of the Bankruptcy Act.
 
 Compare
 
 Bankruptcy Rule of Procedure 407 (one objecting to discharge “has the burden of proving the facts essential to his objection”)
 
 with
 
 Bankruptcy Act § 14(c) (proviso) (“if . . . the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which . . . would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt”). Since Oest-erle admits that he failed to maintain any financial records after 1974, Home Indemnity has no difficulty making out its prima facie case of inadequate record-keeping. The same is true with regard to Oesterle’s failure to provide the pre-1974 records turned over to the Nevada bankruptcy trustee.
 

 Even with regard to the defense of justification for this inadequacy, the plain meaning of Rule 407 now requires that we place the burden of persuasion upon the party objecting to discharge. While one commentator has questioned the logic and necessity of reading Rule 407 in this way,
 
 12 Collier on Bankruptcy
 
 ¶ 407.3[1], we note that the committee responsible for drafting the Rule stated explicitly in its advisory note that the Rule was meant to “super-cede” the proviso in section 14(c) which placed the burden on the bankrupt. Were we responsible for writing the law and rules of bankruptcy, we might well agree that the bankrupt should continue to bear the burden of persuasion since he usually possesses the evidence of any justification for his failure to maintain records.
 
 See Matter of Decker,
 
 595 F.2d 185 (3rd Cir. 1975). We also recognize that the objector is now in the difficult and anomalous position of trying to prove a negative by showing the absence of any justification. This court nevertheless feels compelled to apply law as it is written, leaving to other branches of our government the task of rewriting the law to correct any perceived injustices. Such judicial restraint is particularly appropriate when, as here, the rule of law has been expressed explicitly and unambiguously.
 

 The finding that Home Indemnity failed to meet its burden of establishing an unjustified failure to maintain records cannot be overturned on appeal unless Home Indemnity demonstrates clear error by the district court and bankruptcy judge.
 
 [1]
 
 
 *404
 

 Gunzburg v. Johannesen,
 
 300 F.2d 40 (5th Cir. 1962). Applying this limited standard of review, we affirm the decision below to discharge Oesterle in bankruptcy.
 

 We consider first the most difficult aspect of this appeal: Oesterle’s failure to keep any records after 1974. While justification for failure to maintain records depends upon all the circumstances of a case, the bankruptcy judge correctly focused upon the size and nature of Oesterle’s self-employment after 1974 as a tax consultant. As we have stated before, “[o]ne form of justification is a showing that the bankrupt’s business was not of such size and complexity that the keeping of books and records was necessary.”
 
 Bartolotta
 
 v.
 
 Lutz,
 
 485 F.2d 227, 229 (5th Cir. 1973). Oesterle’s income tax deductions approaching $19,000 in 1975 might well have caused this court to reach a different conclusion from the bankruptcy judge regarding the magnitude of Oesterle’s business transactions. While “an unsophisticated wage earner dealing primarily in cash should not be denied a discharge because he failed to keep books of account,”
 
 Goff v. Russell Co.,
 
 495 F.2d 199, 201 (5th Cir. 1974), Oesterle’s business as a tax consultant precludes him from claiming ignorance of the general need for all citizens to maintain minimal financial records.
 

 Sitting as an appellate court, however, we cannot conclude that the bankruptcy judge and district court have abused their discretion in excusing Oesterle’s failure to maintain records. In a long line of cases, we have generally deferred to the wide discretion entrusted by section 14(c) to the finder of fact in the specialized field of bankruptcy law; and considerably larger financial transactions were generally involved in those cases in which a failure to maintain records was found unjustified.
 
 E. g., Goff v. Russell Co.,
 
 495 F.2d 199 (5th Cir. 1974) (bankrupt operated stores with gross sales totalling approximately $20,000 per week);
 
 Gunzburg v. Johannesen,
 
 300 F.2d 40 (5th Cir. 1962) (bankrupt engaged in activities sufficiently large so as to result in a $100,000 diminution of assets);
 
 Gaudet v. Cowen,
 
 297 F.2d 227 (5th Cir. 1961), cert.
 
 denied,
 
 370 U.S. 950, 82 S.Ct. 1598, 8 L.Ed.2d 815 (1962) (bankrupt received as much as $80,000 in one transaction and $240,000 in a four year period).
 

 We may dismiss more easily the other objections raised by Home Indemnity to Oesterle’s discharge in bankruptcy. As noted above, Home Indemnity challenges the failure of Oesterle to provide records of his personal finances during the period when he served as corporate principal in two corporations which filed in bankruptcy in Nevada in 1974. Nothing in the record causes us to doubt the conclusion of the bankruptcy judge that this failure was justified by Oesterle’s transfer of all his pre-1974 records to the Nevada trustee in bankruptcy.
 

 Home Indemnity also argues that Oesterle failed to satisfactorily explain the loss of various assets, as required by section 14(c)(7) of the Bankruptcy Act. 11 U.S.C. § 32(c)(7).
 
 [2]
 
 The only evidence in the record regarding these assets is the testimony of Oesterle that they had been sold, foreclosed upon, or turned over in partial payment of prior debts. Under Rule of Bankruptcy 407, one objecting to a discharge in bankruptcy “has the burden of proving the facts essential to his objection.” Since Home Indemnity offered no evidence of the inadequacy of Oesterle’s explanations, we cannot conclude that the bankruptcy court and district court abused their discretion in finding that Oesterle has complied with section 14(c) of the Bankruptcy Act.
 

 
 *405
 
 In summary, we affirm the discharge in bankruptcy of Oesterle because we find no abuse of discretion in three conclusions reached by the bankruptcy judge and district court: (1) Oesterle’s failure to maintain financial records after 1974, while self-employed as a tax consultant, was justified; (2) his failure to provide pre-1974 records which had been turned over to an out-of-state trustee in bankruptcy was likewise excusable; and (3) his explanation of the loss of various assets must be deemed satisfactory in the absence of any contradictory evidence.
 

 AFFIRMED.
 

 [1]
 

 . The opinion of the bankruptcy judge does not explicitly recognize that Home Indemnity had the burden of showing no justification. Home Indemnity cannot complain of any error in this
 
 *404
 
 regard, however, because it could only have benefited if the bankruptcy judge erred by placing the burden upon Oesterle. The bankruptcy judge would have decided in favor of Oesterle even after erroneously requiring him to prove justification by a preponderance of the evidence.
 

 [2]
 

 . Section 14(c)(7) of the Bankruptcy Act, 11 U.S.C. § 32(c)(7), provides:
 

 The court shall grant the discharge unless satisfied that the bankrupt .. . has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities