**In re William Henry BELK, Jr., a/k/a William Henry Belk, Debtor.**

**MORAMERICA MORTGAGE COMPANY, an Iowa corporation, Plaintiff,**

v.

**William Henry BELK, Jr., a/k/a William Henry Belk, Defendant.**

**Bankruptcy No. 82–00354–BKC–TCB.**

**Adv. No. 82–1014–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 29, 1984.

See also Bkrtcy., 26 B.R. 364.

Robert N. Gilbert, Steel, Hector & Davis, Miami, Fla., for Moramerica Mortg. Co.

Monroe Gelb, Gelb & Spatz, Miami, Fla., for debtor/defendant.

Barbara Phillips, Phillips & Phillips, Miami, Fla., for trustee.

Stephen H. Judson, Miami, Fla., Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

■ The plaintiff-judgment creditor opposes this debtor's discharge under 11 U.S.C. § 727(a)(2), (3) and (5). (C.P. No. 18.) The debtor has answered. The matter was tried on November 8. I conclude that plaintiff has established its allegations under Count 1, based upon § 727(a)(3), and Count 2, based upon § 727(a)(5). However, plaintiff has not carried its burden with respect to Count 3, which is based on § 727(a)(2).

> Section 727(a)(5) denies discharge when: (5) "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

Plaintiff has alleged in Count 2 and has proved that in June, 1977 the debtor owned $17.8 million in assets including $11.8 million worth of stock in several hundred Belk stores which he had inherited in 1950 from his father. When he filed for bankruptcy in March, 1982, the debtor owned no stock and owed $8 million to creditors with only nominal assets to meet that debt. Bankruptcy Rule 4005 imposes upon the plaintiff the burden of proving its objection, but when an objecting creditor makes out a prima facie case as was done here, the burden of going forward with the evidence that will "explain satisfactorily" the losses or deficiencies shifts to the debtor. *Collier on Bankruptcy* ¶ 727.08 n. 8 (15th ed.).

In this instance, the debtor offered evidence showing that he sold $2.2 million worth of his stock to his brother, Erwin, for $1.3 million. However, he has offered no records or specific explanation for the disappearance of the remaining $9.6 million worth of the stock.

Instead, he has testified that all of his stock was pledged as collateral for loans made to a corporation, Avery's, Inc., whose debts he had personally guaranteed and that the corporation had defaulted. The stock was, therefore, forfeited to creditors

and was later redeemed from those creditors by certain of the debtor's relatives. However, the debtor was aware of no documents which would reflect transfers of the unaccounted for stock. He could not recall which creditors held pledged stock. He said that his accountant had an accurate record, but the accountant denied that statement and was unable to verify the debtor's statement.

This debtor holds an M.B.A. degree, has served as a bank director and as an officer of many family corporations and, although he is now 69, is alert and intelligent. The unsupported generalities offered by him for the loss of $9.6 million worth of assets is insufficient and does not constitute a satisfactory explanation.

The debtor has offered into evidence and I have received a certified copy of the Findings of Fact entered in June, 1984 by a District Court in North Carolina, which suggest that the evidence before that court satisfied it that this debtor had lost all of his stock to relatives in the manner in which he lost $2.2 million worth of the stock to his brother, Erwin. However, the Findings were made in an action in which neither this plaintiff nor the debtor was a party. It was an action brought by this debtor's trustee and a third party against the several relatives to whom the stock had been transferred, alleging that the transfers were fraudulent. The action was unsuccessful. The proffer in this case of those Findings without any other supporting evidence cannot be accepted as against this plaintiff and to this court as a satisfactory explanation for the loss of the assets in question.

Additionally, the debtor has contended that he turned all of his records over to his accountant and the accountant has, in turn, stated that he has turned all the records he received over to the trustee. These records are hundreds of documents packed in numerous boxes which are completely unorganized. The accountant has testified that to show what happened to the stock which is in question here, would require a very extensive audit which has never been done

and which would cost at least $4,000 and take several people at least a week to complete.

Section 727(a)(3) requires denial of discharge if:

"the debtor has ... failed to keep ... any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case".

It is undisputed, therefore, that there are no books or other records from which it would be possible to trace or untangle the apparently complex pattern of business transactions in which this debtor disposed of the bulk of his assets. The existence of the primary documents is worthless in this case to the trustee and the creditors, because the time and expense necessary to reconstruct and present the transactions in an intelligible and usable form would clearly be prohibitive.

I find that the debtor's financial condition and his business transactions cannot be ascertained from the records preserved by him and cannot reasonably be reconstructed from those records. These records, therefore, do not meet the standard required by § 727(a)(3). *Goff v. Russell Co.,* 495 F.2d 199, 201 (5th Cir.1974); *Collier on Bankruptcy* ¶ 727.03[3] (15th ed.).

Furthermore, the foregoing circumstances do not constitute a satisfactory explanation under § 727(a)(5) for the loss of the debtor's assets.

As is required by B.R. 9021(a), a separate judgment will be entered denying discharge under § 727(a)(3) and (5).

Count 3 opposed discharge under § 727(a)(2) on the ground that the debtor concealed property of the estate with an intent to hinder, delay, or defraud. The plaintiff has specified the debtor's failure to reveal in his bankruptcy schedules his ownership of 215 shares of stock worth $70,000 together with $5,180 worth of divi-

dends payable on that stock. Plaintiff has also specified the debtor's failure to disclose his ownership of 133 acres in North Carolina worth over $90,000.

It is plaintiff's burden to prove that these assets were knowingly concealed by the debtor with an actual intent to defraud. I accept the debtor's explanation that he did not believe that he owned the stock in question, because it was a dividend declared on stock he had pledged as collateral to a creditor and had subsequently lost. The cash dividend was payable on the same stock and there is no evidence that the debtor even knew of the dividend. I also accept the debtor's explanation with respect to the 133 acres in North Carolina, which were contiguous to a 133-acre tract which he did reveal and report on his schedules. His accountant has accepted responsibility for this omission, which I do not believe to have been intentional on the part of either individual. Plaintiff has, therefore, failed to carry its burden of establishing Count 3.

Costs may be taxed on motion.