# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-10020

In The Matter Of:  RICHARD D. MORGAN

      Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

8400 NW EXPRESSWAY LLC

                            Appellant

v.

RICHARD D. MORGAN

                            Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-801

Before JOLLY, BARKSDALE and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard D. Morgan filed a Chapter 7 bankruptcy, claiming $37 million in debts.  One of his debtors, Appellant 8400 NW Expressway LLC, objected to Morgan's discharge on the ground, inter alia, that he failed to keep or preserve

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

records from which his financial condition might be ascertained as required by 11 U.S.C. § 727(a)(3) (2005). We affirm the overruling of this objection.

The bankruptcy judge conducted a lengthy hearing in which Morgan testified extensively. She found his testimony credible. Following the hearing and argument by the parties, the bankruptcy judge entered a detailed opinion addressing Appellant's contentions and overruling its objections to Morgan's discharge. The district court affirmed.

We have carefully reviewed the pertinent portions of the record, and we have considered the parties' briefs and their thorough and well-presented arguments. We conclude that the bankruptcy judge ultimately applied the correct standard of law. Her factual findings are subject to review for clear error. Gen. Elec. Capital Corp. v. Acosta (In re Acosta), 406 F.3d 367, 372 (5th Cir. 2005). Although Appellant established that some records were missing, the bankruptcy judge found that the records were not necessary to establish Morgan's financial condition. She also found in the alternative that Morgan was justified in failing to keep or preserve these records. We conclude that the bankruptcy judge, who is in the best position to judge the credibility of witnesses and assess the missing records in light of the overall financial picture of the debtor, did not make any relevant findings that were clearly erroneous. We agree with the district court's conclusions of law.

Accordingly, the judgment of the district court affirming the bankruptcy court's judgment is AFFIRMED.