# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2014

Lyle W. Cayce
Clerk

No. 13-41148

In the Matter of:   TOMMY L. GOFF,

Debtor

_____

GRAHAM MORTGAGE CORPORATION,

Appellee,

v.

TOMMY GOFF,

Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC 4:12-CV-785

Before DAVIS, SMITH, and CLEMENT, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Defendant-appellant Tommy L. Goff appeals from the denial of his discharge in bankruptcy by the bankruptcy court and district court. For the reasons set forth below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41148

I.

Under § 727(a) of the bankruptcy code, 11 U.S.C. § 727(a), a debtor is entitled to discharge in the absence of a statutory exception, which "exceptions are construed strictly against the creditor and liberally in favor of the debtor."[1] One such exception is found in § 727(a)(3), under which the court should deny the discharge where:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case . . . .[2]

As we explained in *In re Duncan*, "the creditor objecting to the debtor's discharge bears the initial burden of production to present evidence that the debtor failed to keep adequate records and that the failure prevented the creditor from evaluating the debtor's financial condition."[3] This standard does not require a debtor to maintain "full detail," but does require sufficient written evidence for a creditor to determine the debtor's financial condition.[4]

> If the plaintiff satisfies this initial burden of production—that the debtor's failure to produce adequate records makes it impossible to discern his financial status—the debtor must prove the inadequacy is "justified under all the circumstances." The bankruptcy court has "wide discretion" in

---

[1] *The Cadle Company v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009) (citing *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997)).

[2] 11 U.S.C. § 727(a)(3).

[3] 562 F.3d at 697 (citing *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003)).

[4] *Id.*

No. 13-41148

analyzing these shifting burdens, and its determination is reviewed for clear error.[5]

In this case, when Goff filed for bankruptcy protection, one of his creditors, plaintiff-appellee Graham Mortgage Corp., objected, arguing that Goff had failed to produce adequate records. The bankruptcy court ultimately agreed and found that his failure was not justified, so it denied discharge in bankruptcy, and the district court affirmed. Goff appeals from the final judgment, arguing that the lower courts erred in all three decisions which led to the final judgment denying discharge—the grant of Graham's motion for partial summary judgment; the denial of Goff's motion for reconsideration; and the bankruptcy court's finding, following a bench trial, that Goff's failure was not justified.

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157, and the district court exercised its jurisdiction over the bankruptcy appeal under 28 U.S.C. § 158(a). We have jurisdiction over this appeal from a final judgment under 28 U.S.C. § 1291.

II.

The district court's ultimate order on appeal from the bankruptcy court capably sets out the relevant facts and procedural history:

> Debtor Tommy Goff operated a complex network of limited partnerships (LPs) to conduct various businesses focused mainly on real estate development. In 2007, Goff obtained a loan from Graham Mortgage to purchase real estate. Goff provided financial estimates of his net worth and assets to obtain the loan. Goff later defaulted on the loan, and Graham obtained a judgment against Goff in Dallas County.

---

[5] *Id.* (citations to *In re Dennis* omitted).

No. 13-41148

When Graham served post-judgment discovery on Goff, Goff filed for Chapter 7 relief. After a creditors' meeting, Graham filed an adversarial proceeding to challenge Goff's ability to discharge his debt under Chapter 7. Graham alleged that Goff should be denied relief because Goff obtained the loan from Graham through fraud or, alternatively, because Goff failed to maintain adequate records of his finances.

After discovery, Graham moved for summary judgment on Goff's failure to maintain adequate records. Graham relied on the affidavits from two CPAs Graham hired to try and reconstruct Goff's financial transactions from 2007 to 2011. The CPAs stated that they were unable to account for approximately $15 million in assets Goff had in 2007. The CPAs' affidavits listed the numerous missing documents preventing the CPAs from tracing Goff's assets. Goff's response contained partial denials of some of Graham's claims but did not include any evidence. The bankruptcy judge held that Graham satisfied its initial burden to show the lack of record keeping prevented it from tracing Goff's finances. Accordingly, the bankruptcy judge granted partial summary judgment, leaving for trial whether Goff could justify his failure to maintain records.

Goff later moved for reconsideration of the bankruptcy judge's ruling, claiming that Goff had retrieved unspecified documents from the Chapter 7 trustee that Goff believed may support his position. Goff again failed to include any attachments. The bankruptcy judge denied the motion to reconsider stating no new evidence had been adduced.

Goff appealed the denial of the motion to reconsider to this Court. This Court granted a motion to abate briefing until the adversarial trial resulted in a final judgment.

4

No. 13-41148

The bankruptcy judge conducted a trial addressing Goff's justification for failing to maintain adequate records. Goff testified that he moved three times in one year and during that year underwent five surgical procedures to treat esophageal cancer. Goff admitted that he is a sophisticated businessman, that he had not kept certain records, and that he had either given away or lost others.

The bankruptcy judge found Goff's testimony lacked credibility. The bankruptcy judge further found Goff's stated justification was not reasonable. Accordingly, the bankruptcy judge rendered judgment for Graham and denied Goff Chapter 7 relief.

Goff presents three issues on appeal [to the district court]. First, he argues that the bankruptcy judge could not grant partial summary judgment because a genuine issue of material fact exists regarding whether Goff maintained proper records. Goff also argues that a genuine issue of material fact exists on whether the lack of records actually prevented Graham from reconstructing his finances. Second, Goff contends that the bankruptcy judge improperly denied Goff's motion to reconsider because Goff presented new evidence that likely would have changed the outcome of the bankruptcy judge's decision. Third, Goff argues that the bankruptcy judge made erroneous findings of fact and conclusions of law with respect to Goff's justification.[6]

The district court affirmed all three of the bankruptcy court's decisions in question. First, the district court affirmed the grant of partial summary judgment in favor of Graham because it found that Graham had presented sufficient evidence for summary judgment on the issue of Goff's failure to keep

---

[6] District Court's September 18, 2013 Order on Appeal (hereinafter "District Court Order on Appeal"), pp. 1-3, No. 4:12-cv-785 (E.D. Tex. Sept. 18, 2013).

5

No. 13-41148

adequate records, and Goff had failed to present any competent summary judgment evidence to create a genuine issue of material fact. Second, the district court affirmed the denial of Goff's motion for reconsideration because it found that the supposedly "new" evidence in question had previously been in Goff's possession, and Goff had failed to show that it would probably change the outcome. Third and finally, the district court affirmed the bankruptcy court's finding, after the bench trial, that Goff was not justified in failing to keep adequate records. We affirm all three decisions.

## III.

With respect to the bankruptcy court's grant of partial summary judgment in favor of Graham, we review findings of fact for clear error and conclusions of law *de novo*.[7] We review *de novo* the district court's affirmance of the bankruptcy court's grant of partial summary judgment.[8]

The bankruptcy court's grant of summary judgment involved the usual summary judgment standards under Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56. Under Rule 56, the party moving for summary judgment must demonstrate that there is "no genuine dispute as to any material fact." If the movant meets this burden, the opposing party must go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[9] "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated

---

[7] *In re Dennis*, 330 F.3d at 701 (citing *Gamble v. Gamble (In re Gamble)*, 143 F.3d 223, 225 (5th Cir. 1998)).

[8] *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624, 627 (5th Cir. 2012) (citing *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 328 (5th Cir. 2007)).

[9] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

No. 13-41148

assertions,' or by 'only a 'scintilla' of evidence.'"[10]

As explained above, Graham bore the initial burden of production to present evidence that Goff failed to keep adequate records and that the failure prevented Graham from evaluating Goff's financial condition.[11] Graham did this by presenting a detailed statement of uncontested material facts supported by competent summary judgment evidence. The evidence submitted by Graham showed, among other things, that Graham had retained accounting experts to assess Goff's finances, and these experts stated that certain documents which were necessary to reconstruct Goff's finances were absent. Graham requested these documents from Goff, who was able to produce some but not all of those listed by Graham's experts. During his deposition, Goff admitted to giving away computers that likely contained relevant financial statements. As the district court summarized:

> The bankruptcy judge issued findings of fact centered around Goff's implicit admission to the truth of Graham's allegations. . . Based on the evidence put forward by Graham, and Goff's failure to put forth any evidence, the bankruptcy judge's findings of facts are not clearly erroneous. The only facts in the record support the findings that Goff failed to maintain adequate records and that this failure prevented Graham from assessing Goff's financial condition.[12]

Both the bankruptcy court and district court are correct. Because Goff failed to present any competent summary judgment evidence in opposition to Graham's well supported motion, we affirm the grant of partial summary

---

[10] *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted)).

[11] *In re Duncan*, 562 F.3d at 697.

[12] District Court Order on Appeal, pp. 5-6.

No. 13-41148

judgment establishing that Goff failed to maintain adequate records under 11 U.S.C. § 727(a)(3).

## IV.

Next, Goff appeals the bankruptcy court's denial of his motion to reconsider the order granting partial summary judgment in favor of Graham, on the ground that he had recently recovered documents from his Chapter 7 trustee which would potentially support his position in opposition to the motion for partial summary judgment. We review for abuse of discretion the denial of the motion to reconsider the grant of partial summary judgment.[13]

A motion for reconsideration should only be granted in extraordinary circumstances.[14] "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[15] A motion for reconsideration is not properly granted unless: (1) the new facts discovered would probably change the outcome; (2) the facts are actually newly discovered—which means they could not have been discovered earlier through proper diligence; and (3) the facts are neither cumulative nor merely impeaching.[16] Evidence is not newly discovered if it was available or easily accessible to a party prior to the movant moving for summary judgment.[17]

Goff's motion to reconsider was only three pages long, contained no legal

---

[13] *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006) (citing *Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc.*, 246 F.3d 752, 757 (5th Cir. 2001)).

[14] *Id.* (internal quotation marks omitted).

[15] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[16] *Infusions Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

[17] *See ICEE Distribs.*, 445 F.3d at 848.

citations, and failed to attach any evidence. Instead, it described files found on a thumb drive "which may support Defendant's position." Goff claimed that he originally gave the thumb drive to his Chapter 7 trustee, who had subsequently denied possession of the information when Goff inquired about it in response to Graham's documents request. Goff claimed the thumb drive resurfaced in the trustee's office and became available only after Graham's motion for summary judgment, and Goff sought to have the information introduced as evidence. As both lower courts pointed out, the documents in question had been in Goff's possession in the past, and Goff failed to present a good reason why he no longer had them. More important, Goff failed to explain why he had failed to obtain them despite having had months to conduct discovery, and why he never even sought an extension of the discovery period.

In short, both lower courts found that Goff had absolutely failed to show that he was entitled to reconsideration under the standards set out above. Considering the circumstances, there is nothing to suggest that the bankruptcy court abused its discretion in denying Goff's motion for reconsideration of its order granting Graham partial summary judgment establishing that Goff had failed to keep adequate records for Graham to determine Goff's financial situation. Accordingly, we affirm the denial of Goff's motion for reconsideration.

## V.

The only issue remaining is whether the bankruptcy court erred in ruling, after a bench trial, that Goff's failure to maintain adequate records was not "justified under all of the circumstances,"[18] and that, as a result, Goff is not entitled to discharge in bankruptcy. We review for clear error the

---

[18] 11 U.S.C. § 727(a)(3).

No. 13-41148

bankruptcy court's ultimate ruling denying the debtor's discharge pursuant to 11 U.S.C. §727(a)(3), giving proper deference to the bankruptcy court's "wide discretion," and we review the district court's affirmance for clear error.[19]

No set standard exists for when a debtor's failure to keep adequate records may be justified. The trier of fact must decide based on the circumstances of each case.[20] The sophistication of the debtor and the scale of the debtor's business are critical factors in this analysis.[21] Because this issue turns largely on the debtor's credibility, the bankruptcy judge's finding of credibility, or lack thereof, is reviewed with particular deference.[22]

Regarding Goff's justification evidence, the bankruptcy judge found that Goff was admittedly a sophisticated debtor with experience in real estate ventures.[23] The bankruptcy court also found that Goff's testimony, which was the only evidence supporting his justification, was not credible, and his explanations for why the relevant records were missing were not reasonable under the circumstances.[24] Thus, Goff's failure to preserve records was not justified. Goff has pointed to nothing that suggests that the bankruptcy judge's findings of fact are erroneous.

Goff continues to argue that he made a diligent effort to locate the records that he had and reiterates that he did not intentionally destroy any evidence. Goff also argues that the facts of this case are analogous to those in

---

[19] *In re Dennis*, 330 F.3d at 703 (citing *In re Goff*, 495 F.2d 199, 200, 202 (5th Cir. 1974)).

[20] *See Meridian Bank v. Alten,* 958 F.2d 1226, 1231 (3d Cir. 1992).

[21] *See Goff v. Russel Co. (In re Goff),* 495 F.2d 199, 201-02 (5th Cir. 1974).

[22] *See Schlesinger v. Herzog,* 2 F.3d 135, 139 (5th Cir. 1993) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 575 (1985)).

[23] District Court Order on Appeal, p. 8.

[24] *Id.*

No. 13-41148

*In re Morgan*, where the bankruptcy court found that a debtor's failure to keep adequate records was justifiable.[25] Goff is correct that he is similar to the debtor in *Morgan* in that both moved offices several times within a year, discontinued use of a storage facility, and lost access to a computer that held records.[26] However, *Morgan* is easily distinguishable in that the *Morgan* court found that the debtor's testimony was credible and noted that the debtor had provided documentary evidence which was "quite voluminous."[27] Here, not only did the bankruptcy court find that Goff's testimony was *not* credible, the uncontested material facts on summary judgment established that the records Goff submitted had material gaps, even failing to identify the sources of funds used to purchase certain relevant real property.

Goff's reliance on a single case is misplaced, especially because the bankruptcy court's conclusion here rests primarily on its determination that Goff's testimony was not credible. Because Goff's testimony was the only evidence in support of his affirmative defense of justification, we affirm the bankruptcy court's determination that Goff's failure to maintain adequate records was not justified under all of the circumstances, and the district court's decision upholding that finding.   Consequently, we conclude, as did the bankruptcy court and district court, that Goff is not entitled to discharge in bankruptcy under § 727(a)(3).

## VI.

For the reasons set out above, we AFFIRM.

---

[25] *8400 N.W. Expressway, LLC v. Morgan (In re Morgan)*, 360 B.R. 507, 536 (Bankr. N.D. Tex. 2007), *aff'd*, 05-34981-SGJ-7, 2007 WL 4165701 (N.D. Tex. Nov. 19, 2007), *aff'd*, 297 F. App'x 302 (5th Cir. 2008).

[26] *Id.*

[27] *Id.*

11